1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD FRANCIS SCIOSCIOLE,                  No.  2:13-cv-0941 MCE CKD P

12                    Petitioner,

13        v.

14   GOWER,                                      ORDER AND FINDINGS AND

15                    Respondent.                RECOMMENDATIONS

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing

20   required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21   28 U.S.C. § 1915(a).

22        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

24   by providing the highest state court with a full and fair opportunity to consider all claims before

25   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

26   Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

27        After reviewing the petition for habeas corpus, the court finds that petitioner has failed to

28   exhaust state court remedies.  While petitioner presented his claims to the Superior Court of

                                               1

1    Placer County, the claims have not been presented to the California Supreme Court.  Further,

2    there is no allegation that state court remedies are no longer available to petitioner.  Accordingly,

3    the petition should be dismissed without prejudice.[1]

4          Finally, petitioner has requested the appointment of counsel.  There currently exists no

5    absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

6    453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

7    any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing §

8    2254 Cases.  In the present case, the court does not find that the interests of justice would be

9    served by the appointment of counsel at the present time

10         Good cause appearing, IT IS HEREBY ORDERED that:

11            1.  Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted.            .

12            2.  Petitioner's motion for the appointment of counsel (ECF No. 3) is denied.

13            3.  The Clerk of the Court is directed to serve a copy of these findings and

14   recommendations together with a copy of the petition filed in the instant case on the Attorney

15   General of the State of California.

16         IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

17   corpus be dismissed for failure to exhaust state remedies.

18         These findings and recommendations will be submitted to the United States District Judge

19   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, petitioner may file written

21   objections with the court.  The document should be captioned "Objections to Findings and

22   Recommendations."  Petitioner is advised that failure to file objections within the specified

23   /////

24   /////

---

[1]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

2

1   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2   (9th Cir. 1991).

3   Dated:  May 30, 2013

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9   1
    scio0941.103
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28